JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Courtney Gatter

## DEFENDANTS
IKA-WORKS, INC

**(b)** County of Residence of First Listed Plaintiff  Wake
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
M. Susan Toth, Esq./Stephen G. Console, Esq.
CONSOLE LAW OFFICES LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII (42 U.S.C. 2000e, et seq.)
Brief description of cause:
Plaintiff was discriminated against based on her sex, and retaliated against because of her complaint of the same

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $150,000  CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE ___  DOCKET NUMBER ___

DATE: 02/29/2016
SIGNATURE OF ATTORNEY OF RECORD
M. Susan Toth, Esquire  X /s/ M. Susan

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Raleigh, NC_

Address of Defendant: _1823 Skiles Blvd., West Chester, PA 19382_

Place of Accident, Incident or Transaction: _1823 Skiles Blvd., West Chester, PA 19382_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _M. Susan Toth, Esquire_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _2/29/16_        _[signature]_        _208174_
                        Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2/29/16_        _[signature]_        _208174_
                        Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Courtney Gatter | : | CIVIL ACTION |
| v. | : | |
| IKA-Works, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/29/16 | _(signature)_ Attorney-at-law M. Susan Toth | Plaintiff, Courtney Gatter |
|---|---|---|
| **Date** | | **Attorney for** |
| 215-545-7676 | 215-754-4372 | toth@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTNEY GATTER<br>Raleigh, NC 27609, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | |
| IKA-WORKS, INC.<br>1823 Skiles Boulevard<br>West Chester, PA 19382, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

I. **INTRODUCTION**

Plaintiff, Courtney Gatter (hereinafter "Plaintiff"), brings this action against her former employer, IKA-Works, Inc. (hereinafter "Defendant"). During her employment with Defendant, Plaintiff was discriminated against because of her sex, including, but not limited to, subjecting Plaintiff to a hostile work environment, and retaliated against based on her complaints of the same. Defendant's conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (hereinafter "PHRA").

II. **PARTIES**

1. Plaintiff is an adult individual and a citizen of the State of North Carolina.
2. Plaintiff is female.

3. Defendant is a multi-national manufacturing corporation, duly incorporated under the laws of the State of Delaware, with a principal place of business located at 2635 North Chase Parkway SE, Wilmington, North Carolina.

4. At all times material hereto, Defendant maintained a business location at 1823 Skiles Boulevard, West Chester, Pennsylvania.

5. At all times material hereto, Plaintiff worked at Defendant's West Chester, Pennsylvania location.

6. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

7. At all times material hereto, Defendant employed more than fifteen (15) employees.

8. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III.   JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII and the PHRA.

12. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

15. On or about December 3, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination, with personal identifying information redacted.

16. On or about December 7, 2015, the EEOC issued a Notice of Right to Sue to Plaintiff, for her Charge of Discrimination. Attached hereto, incorporated herein and marked as Exhibit "B" is a true and correct copy of the Notice, with personal identifying information redacted.

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

18. On or about March 18, 2014, Defendant hired Plaintiff as an Account Manager.

19. At all times material hereto, Plaintiff reported to Refika Bilgic (female), Defendant's Corporate Secretary and Managing Director, USA Division.

20. Ms. Bilgic reported to Defendant's Owner and President, René Stiegelmann (male).

21. At all times material hereto, Plaintiff performed her duties in a highly competent matter.

22. On or about August 29, 2014, Plaintiff traveled to the Balearic Islands, Spain, for Defendant's two (2) week "Sail & Sales" meeting (hereinafter "the Meeting").

23. The Meeting was organized and overseen by René Stiegelmann.

24. On or about August 29, 2014, while at the Meeting, Plaintiff met Marcel Stiegelmann (male), Defendant's Associate and Defendant's Owner's son.

25. On or about August 30, 2014, Plaintiff participated in Defendant's multi-day cruise, traveling from the island of Mallorca to the islands of Ibiza and Formentera.

26. During this cruise, René Stiegelmann, Defendant's Owner and President, engaged in the following conduct:

    a. stood naked in areas of the boat where he knew Plaintiff would see him;

    b. slept in an area of the boat where he could see into Plaintiff's room at night; and,

    c. took pictures of Plaintiff, including a picture reflecting a view up Plaintiff's shorts.

27. On or about the evening of September 2, 2014, while on the cruise, Marcel Stiegelmann, Defendant's Owner's son, twice tried to have sexual intercourse with Plaintiff.

28. Plaintiff initially rejected these sexual advances.

29. Despite Plaintiff's initial rejection of Marcel Stiegelmann's sexual advances, he persisted in making sexual advances towards Plaintiff and suggested that Plaintiff and he take a walk from the boat to the beach, which they did.

30. While Marcel Stiegelmann and Plaintiff were walking from the boat to

the beach, René Stiegelmann saw them and asked Marcel Stiegelmann who was with him.

31. Marcel Stiegelmann informed René Stiegelmann that Plaintiff was accompanying him to the beach. In response, René Stiegelmann said nothing and returned to bed.

32. Once on the beach, Marcel Stiegelmann, again made sexual advances toward Plaintiff, and Plaintiff and he engaged in sexual intercourse.

33. From on or about September 3, 2014 through on or about September 8, 2014, Plaintiff and Marcel Stiegelmann continued to engage in a sexual relationship.

34. During this time, Ms. Bilgic became aware of the relationship between Plaintiff and Marcel Stiegelmann.

35. On or about September 6, 2014, Ms. Bilgic suggested that Marcel Stiegelmann accompany Plaintiff to the local pharmacy, as Plaintiff was not feeling well. Ms. Bilgic also gave Marcel Stiegelmann Plaintiff's phone number, telling Plaintiff "I hope you don't mind."

36. On or about September 9, 2014, René Stiegelmann, held a sales meeting at his home in Palma de Mallorca.

37. Immediately following the meeting, René Stiegelmann brought Plaintiff into an enclosed patio area where she was alone with him, but where her co-workers could overhear any conversations. Once in the patio area, René Stiegelmann yelled at Plaintiff, stating:

    a. "How could you let Marcel fuck you?";

    b. "How can you spread your legs to the first person you saw?";

5

      c.    That Plaintiff was taking advantage of Marcel Stiegelmann's money and connections; and,

      d.    That he (René Stieglemann) did not know how Plaintiff was going to be able to continue as an employee.

38.    After René Stiegelmann yelled at Plaintiff, Plaintiff left René Stiegelmann's house and returned to her hotel.

39.    Upon returning to the hotel, Plaintiff complained to Marcel Stiegelmann that she did not want to continue their relationship.

40.    Marcel Stiegelmann responded to Plaintiff that he thought she cared about him and that the relationship was important to her.

41.    That same evening, on or about September 9, 2014, Plaintiff was required to attend a company dinner that was in a restaurant in Palorma.

42.    At the dinner, René Stiegelmann demanded that Plaintiff sit directly across the table from him. During dinner, René Stiegelmann continuously stared at Plaintiff in a threatening and hostile manner.

43.    Following the dinner, Plaintiff returned to her hotel, alone.

44.    Later that same evening Marcel Stiegelmann came to Plaintiff's hotel stating that he wanted to say goodbye in person, as Plaintiff was scheduled to travel home the next day.

45.    At that time, Marcel Stiegelmann stated that he wanted to continue communicating with Plaintiff after she returned home to the United States.

46.    On or about September 10, 2014, Plaintiff returned to the United States and reported to work at Defendant on or about September 11, 2014.

47.    From September 10, 2014, through September 30, 2014, Marcel

Stiegelmann continued to communicate with Plaintiff.

48. On or about September 30, 2014, Plaintiff called Ms. Bilgic for their monthly sales call. Once connected, Matthew Griffith, Defendant's Chief Financial Officer and Acting Human Resources Director, joined the call.

49. During this phone call, Ms. Bilgic notified Plaintiff that she was being terminated from the company effective October 1, 2014.

50. Ms. Bilgic further stated "We've decided to let you go in light of recent events."

51. Defendant failed to provide Plaintiff with a legitimate, non-discriminatory reason as to why it subjected her to a hostile work environment based on her sex.

52. Defendant failed to provide Plaintiff with a legitimate, non-discriminatory reason as to why it subjected Plaintiff to a hostile work environment, including, but not limited to, berating her near co-workers, while Defendant's male associate, who initiated and encouraged Plaintiff to engage in a sexual relationship with him, was not subjected to a hostile work environment.

53. Defendant failed to provide Plaintiff with a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

54. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including Defendant's subjecting Plaintiff to a hostile work environment and terminating Plaintiff's employment.

55. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering,

embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

56. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

57. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

## COUNT I - Title VII

58. Plaintiff incorporates herein by reference paragraphs one through fifty-seven above, as if set forth at length herein.

59. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

60. Said violations were malicious and/or made with reckless indifference to Plaintiff's rights, and warrant the imposition of punitive damages.

61. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

62. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

63. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

64. Plaintiff incorporates herein by reference paragraphs one through sixty-three above, as if set forth at length herein.

65. Defendant, by the above improper and discriminatory acts, has violated the PHRA.

66. Said violations were intentional and willful.

67. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding punitive damages to Plaintiff under Title VII;

(h) awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Date: February 29, 2016

BY: _____
STEPHEN G. CONSOLE (36656)
M. SUSAN TOTH (208174)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676 (phone)
(215) 754-4372 (facsimile)
*Attorneys for Plaintiff, Courtney Gatter*

EXHIBIT "A"

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>☐ FEPA<br>X EEOC | CHARGE NUMBER<br>530-2015-01258 |
|---|---|---|
| STATE OR LOCAL AGENCY: PHRC | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Courtney Gatter** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(610) 608-4169 | |
|---|---|---|
| STREET ADDRESS<br>■■■■■■■■ | CITY, STATE AND ZIP<br>West Chester, PA 19382 | DATE OF BIRTH<br>9/■■/1983 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME:<br>IKA Works, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>50 + | TELEPHONE (Include Area Code)<br>910-452-7059 |
|---|---|---|
| STREET ADDRESS<br>2635 North Chase Pkwy SE | CITY, STATE AND ZIP<br>Wilmington, NC 28403-7419 | COUNTY<br>New Hanover County |
| WORKING ADDRESS<br>1823 Skiles Blvd | CITY, STATE AND ZIP<br>West Chester, PA 19382 | COUNTY<br>Chester County |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race  ☐ Color  X Sex  ☐ Religion  ☐ National Origin<br>X Retaliation  ☒ Age  ☐ Disability  ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>Earliest : 9/2/2014     Latest : 10/1/2014 |
|---|---|

THE PARTICULARS ARE:
A. 1.   **Relevant Work History**

On or about March 18, 2014, Respondent hired me as an Account Manager. I reported to Refika Bilgic, Managing Director, USA Division. Ms. Bilgic reports to co-owners, Rene Stiegelmann, Jr. and Marcel Stiegelmann.

Throughout my employment, I consistently demonstrated excellent performance and dedication to Respondent.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 3/12/14   Charging Party *(Signature)* [signature] | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

*Exhibit "A"*

Gatter, Courtney v. IKA Works, Inc.
EEOC CHARGE OF DISCRIMINATION
Page 2 of 4

2. <u>Harm Summary</u>

Respondent has discriminated and retaliated against me because of my sex, and has subjected me to a hostile work environment because of my sex. Evidence of Respondent's discriminatory and retaliatory conduct, includes, but is not limited to, the following:

(a) On or about August 29, 2014, I traveled to the Balearic Islands, Spain, for Respondent's two-week sales meeting. The sales trip was organized and overseen by Respondent's co-owner Rene Stiegelmann (male).

(b) On or about August 29, 2014, I met Respondent's co-owner, Marcel Stiegelmann (male).

(c) On or about August 30, 2014, I participated in a multi-day company cruise, from the island of Mallorca to the islands of Ibiza and Formentera.

(d) During the cruise, Rene Stiegelmann stood naked in areas of the boat where he knew I would see him, and slept in an area of the boat where he could see into my room at night. Rene Stiegelmann also took pictures of me, including a picture that showed a view up my shorts.

(e) During the evening of September 2, 2014, while on the cruise, Marcel Stiegelmann made sexual advances towards me, which I initially rejected. Marcel Stiegelmann then suggested we walk from the boat and go the beach, which we did. Once on the beach, Marcel Stiegelmann again made sexual advances towards me and we engaged in sexual activity.

(f) While Marcel Stiegelmann and I were walking from the boat to the beach, Rene Stiegelmann saw Marcel Stiegelmann and asked who was with him. Marcel Stiegelmann informed Rene Stiegelmann that I was accompanying him to the beach. Rene Stiegelmann said nothing and returned to bed.

(g) From September 3, 2014 to September 8, 2014, Marcel Stiegelmann and I continued to engage in a sexual relationship.

(h) During this time, Ms. Bilgic became aware of the relationship between Marcel Stiegelmann and me.

(i) On September 9, 2014, Rene Stiegelmann held a sales meeting at his home in Palma de Mallorca. Immediately following the meeting, Rene Stiegelmann brought me into an enclosed patio area, where I was alone with him, but where my co-workers could hear, and began yelling at me, stating, the following:

   i. "How could you let Marcel fuck you?"
   ii. "How can you spread your legs to the first person you saw?"

    iii. That I was taking advantage of Marcel's money and connections.

(j) Following Rene Stiegelmann yelling at me, I left his house and returned, alone, to my hotel. Upon returning to the hotel, I texted Marcel Stiegelmann that I did not think we should talk and that we should end our relationship. Marcel Stiegelmann returned my text, stating that he thought I cared about him and that the relationship was important to me.

(k) That same evening, I was required to attend a company dinner at a restaurant in Palma de Mallorca. At the dinner, Rene Stiegelmann demanded that I sit directly across the table from him, and proceeded to stare at me, in a threatening, hostile manner, for the entire dinner.

(l) Following dinner, I returned to my hotel, alone. Later that evening, Marcel Stiegelmann came to my hotel, stating that he wanted to say goodbye in-person, as I was scheduled to travel home the next day. At that time, Marcel Stiegelmann indicated that he wanted to pursue a relationship. I agreed to continue our communications after I returned home.

(m) On September 10, 2014, I returned to the United States and returned to work at Respondent's on or about September 11, 2014.

(n) From September 10, 2014 through September 30, 2014, Marcel Stiegelmann and I continued to exchange text messages.

(o) On or about September 30, 2014, I received a call from Ms. Bilgic and Matthew Griffith, Respondent's Chief Financial Officer and acting Human Resources Director. During this phone call, Ms. Bilgic notified me that I was being terminated from the company, effective October 1, 2014. Ms. Bilgic stated "we've decided to let you go in light of recent events" and "I don't trust you."

B. 1. <u>Respondent's Stated Reasons</u>

(a) Respondent has not offered any explanation for the hostile work environment, based on my sex, to which I have been subjected;

(b) Respondent has not offered a legitimate reason for its termination of my employment;

(c) Respondent has not offered any explanation as to why I (female, subordinate) was terminated, when Respondent's male co-owner, who initiated and encouraged me to have sex with him, was not.

**Gatter, Courtney v. IKA Works, Inc.**
**EEOC CHARGE OF DISCRIMINATION**
**Page 4 of 4**

C. 1.    <u>Statutes and Basis for Allegations</u>

I allege that Respondent has discriminated and retaliated against me, including subjecting me to a hostile work environment and terminating my employment, based on my sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), et seq. ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA"), as set forth herein.

EXHIBIT "B"

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Courtney Gatter**
West Chester, PA 19382

From: **Philadelphia District Office**
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-01258 | Legal Unit, Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*  12/7/15

Spencer H. Lewis, Jr.,
District Director

*(Date Mailed)*

Enclosures(s)

cc: **IKA WORKS, INC.**
M. Susan Toth, Esq. (for Charging Party)
Sandra Miller, Human Resources Director (for Respondent)

*Exhibit "B"*